# DENIED
## BY ORDER OF THE COURT

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| ABELINO MANRIQUEZ,<br><br>    Petitioner,<br><br>v.<br><br>RONALD DAVIS, Warden,<br>California State Prison at San Quentin,<br><br>    Respondent. | Case No. CV 18-07713-JVS<br><br>**DEATH PENALTY CASE**<br><br>**ORDER GRANTING *BITTAKER* PROTECTIVE ORDER** |

Good cause having been shown, Petitioner's Application for a Protective Order is hereby GRANTED. Pursuant to *Bittaker v. Woodford*, **331 F.3D 715** (9th Cir. 2003), the Court enters the following Protective Order regarding: (1) documents and materials, including declarations, materials derived from the trial team, or trial counsel files that Petitioner provides to Respondent during this habeas action; (2) any related testimony provided at an evidentiary hearing in this matter; and (3) any reference to such documents or testimony in the parties' pleadings submitted to this Court.

    1.    For purposes of these habeas corpus proceedings, this Protective Order applies to any matter referencing privileged material, including but not limited to, any (1) document or declaration derived from a member of the trial team, including attorneys, investigators, paralegals, experts, or any other member of the trial team (hereinafter referred to collectively as "trial team"); (2) material from trial counsel's files; (3) any related

testimony provided in a deposition or at an evidentiary hearing in this matter; and (4) any reference to such documents or testimony in pleadings submitted by any party to this Court. Privileged material remains privileged under this Protective Order regardless of whether it has been publicly filed in the state courts, previously or concurrently with this litigation, so long as the privilege has not been expressly waived.

2. To the extent that privileged material is filed, disclosed, or otherwise produced in these proceedings, it shall remain confidential and sealed pursuant to this Protective Order. To the extent that depositions are taken of any member of the trial team, Petitioner's experts, or Petitioner, by court order or by stipulation, such discovery shall be subject to this Protective Order and shall remain confidential and sealed. If an evidentiary hearing is held in this case, any testimony by a member of the trial team, Petitioner's experts, or of Petitioner shall be subject to this Protective Order and shall remain confidential and sealed. Petitioner contends that the testimony provided by these witnesses is subject to claims of privilege and/or protected from disclosure by the attorney work product doctrine.

3. All privileged material disclosed in this action may be used only for purposes of litigating this habeas corpus proceeding by: (a) Petitioner and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Manriquez v. Davis* by the Office of the Federal Public Defender, and persons retained by Petitioner's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses; and (b) Respondent and the members of the legal team, i.e., lawyers, paralegals, investigators, and support staff, assigned to *Manriquez v. Davis* by the California Department of Justice, Attorney General's Office, and persons retained by Respondent's counsel to litigate this matter, including, but not limited to, outside investigators, consultants and expert witnesses. This Protective Order extends to members of the legal teams and all persons retained by the parties to litigate this matter. All such individuals shall be provided with a copy of this Protective Order.

4. Except for disclosure to the persons and agencies described in Paragraph 2, disclosure of privileged material shall not be made to any other persons or agencies, including, but not limited to, prosecutorial agencies and law enforcement personnel, without the Court's order. The parties shall endeavor to reach agreement on any disclosure to people or institutions not listed in Paragraph 2. However, should the parties be unable to reach agreement, both parties shall be granted an opportunity to be heard before the issuance of any order permitting disclosures not sanctioned by Paragraph 2.

5. Documents and testimony that Petitioner contends contain privileged material shall be clearly designated as such by labeling the documents or testimony in a manner that does not prevent reading the text of the document.

6. All documents and testimony designated as privileged material by Petitioner that are submitted to this Court by any party shall be submitted under seal in a manner reflecting their confidential nature and designed to ensure that the privileged material will not become part of the public record. Should an evidentiary hearing be held in this matter, privileged testimony shall be clearly designated as such by marking the transcripts of the proceeding. Any pleading, deposition transcript, discovery response, or request, or other papers served on opposing counsel or filed or lodged with the court that contains or reveals the substantive content of privileged material shall be filed under seal, and shall include a separate caption page that includes the following confidentiality notice or its equivalent:

**TO BE FILED UNDER SEAL**

**THIS PLEADING OR DOCUMENT CONTAINS CONFIDENTIAL INFORMATION SUBJECT TO A PROTECTIVE ORDER AND IS NOT TO BE OPENED NOR ITS CONTENTS DISPLAYED OR DISCLOSED**

7. If privileged documents or documents containing privileged material are filed with this Court, they shall be filed with the Clerk of this Court in sealed envelopes prominently marked with the caption of the case and the foregoing Confidentiality Notice. The Clerk of the Court is directed to maintain the confidentiality of any documents filed in

1 accordance with the above. Insofar as reasonably feasible, only confidential portions of the filings shall be under seal; and the parties shall tailor their documents to limit, as much as is practicable, the quantity of material that is to be filed under seal. When a pleading or document contains only a limited amount of privileged material, a party may file a complete copy under seal and at the same time file on the public record an additional, redacted version of the document, blocking out the limited matter comprising the privileged material.

    8.    Petitioner's disclosure of privileged material in this action does not constitute a waiver of Petitioner's rights under the Fifth and Sixth Amendments to the United States Constitution in the event of any retrial.

    9.    This order shall continue in effect after the conclusion of the habeas corpus proceedings and specifically shall apply in the event of a retrial of all or any portion of Petitioner's criminal case. Any modification or vacation of this order shall only be made upon notice to and an opportunity to be heard from both parties.

**DENIED**

DATED: October 11, 2019

BY ORDER OF THE COURT
HONORABLE JAMES V. SELNA
United States District Judge

Presented by:

*/s/ Jennifer Molayem*
JENNIFER MOLAYEM
Deputy Federal Public Defender

Denied subject of submission of a more particularized showing and a narrowing of the scope. JVS October 11, 2019

4